IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| THIRD WAVE TECHNOLOGIES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STRATAGENE CORPORATION, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 04-C-0680-C <br><br> **JURY TRIAL DEMANDED** |

## ANSWER

Defendant, Stratagene Corporation ("Stratagene"), through counsel, answers and responds to the specific numbered paragraphs in the complaint filed by plaintiff, Third Wave Technologies, Inc. ("Third Wave"), as follows:

### NATURE OF THE ACTION

1. Stratagene admits that Third Wave purports to state a claim pursuant to 35 U.S.C. §§ 1, *et. seq.* and, more particularly, for damages and injunctive relief under 35 U.S.C. § 271, *et. seq.* but denies that the complaint properly states such a claim or that such a claim is well-founded.

### THE PARTIES

2. Stratagene admits Third Wave is a Delaware corporation but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2 of the complaint. To the extent a further response is necessary, any remaining allegations are denied.

3. Stratagene admits that it is a corporation organized under the laws of the state of California having its principal place of business at 11011 N. Torrey Pines Road, La Jolla,

California 92037. Otherwise, Stratagene denies the allegations contained in paragraph 3 of the complaint.

## JURISDICTION AND VENUE

4. Stratagene admits that this Court has subject matter jurisdiction. Otherwise, Stratagene denies any remaining allegations contained in paragraph 4 of the complaint.

5. Stratagene admits that personal jurisdiction is proper in this Court.

6. Stratagene admits that venue is proper in this Court.

## FACTS COMMON TO ALL COUNTS

7. Stratagene is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the complaint. To the extent a further response is necessary, the allegations are denied.

8. Stratagene admits that it is engaged in the manufacture and sale of biological products, but denies the remaining allegations contained in paragraph 8 of the complaint.

9. Paragraph 9 calls for a legal conclusion and therefore no response is necessary. To the extent that a response is necessary, Stratagene denies the allegations contained in paragraph 9 of the complaint.

10. Stratagene admits that Exhibit A to the complaint purports to be a copy of U.S. Patent No. 6,348,314 ("the '314 patent"), but is without knowledge or information sufficient to form a belief as to allegations contained in paragraph 10 of the complaint. To the extent that a further response is necessary, Stratagene denies the allegations contained in paragraph 10 of the complaint.

11. Stratagene admits that Exhibit B to the complaint purports to be a copy of U.S. Patent No. 6,090,543 ("the '543 patent"), but is without knowledge or information sufficient to form a belief as to allegations contained in paragraph 11 of the complaint. To the

extent that a further response is necessary, Stratagene denies the allegations contained in paragraph 10 of the complaint.

## COUNT I – INFRINGEMENT OF THE '314 PATENT

12. Stratagene incorporates its responses to paragraphs 1-11 above as if fully set forth herein.

13. Stratagene denies the allegations contained in paragraph 13 of the complaint.

14. Stratagene denies the allegations contained in paragraph 14 of the complaint.

15. Stratagene denies the allegations contained in paragraph 15 of the complaint.

16. Stratagene denies the allegations contained in paragraph 16 of the complaint.

17. Stratagene denies the allegations contained in paragraph 17 of the complaint.

18. Paragraph 18 calls for a legal conclusion and therefore no response is necessary. To the extent that a response is necessary, Stratagene denies the allegations contained in paragraph 18 of the complaint.

## COUNT 2 – INFRINGEMENT OF THE '543 PATENT

19. Stratagene incorporates its responses to paragraphs 1-11 above as if fully set forth herein.

20. Stratagene denies the allegations contained in paragraph 20 of the complaint.

21. Stratagene denies the allegations contained in paragraph 21 of the complaint.

22. Stratagene denies the allegations contained in paragraph 22 of the complaint.

23. Stratagene denies the allegations contained in paragraph 23 of the complaint.

24. Stratagene denies the allegations contained in paragraph 24 of the complaint.

25. Paragraph 25 calls for a legal conclusion and therefore no response is necessary. To the extent that a response is necessary, Stratagene denies the allegations contained in paragraph 25 of the complaint.

## AFFIRMATIVE DEFENSES

Stratagene sets forth the following affirmative defenses and reserves the right to assert additional defenses and counterclaims if their existence is established through discovery or investigation:

1. The complaint fails to state a claim upon which relief can be granted.

2. Stratagene has not infringed and is not infringing any valid and enforceable claim of the '314 or '543 patents, either directly, indirectly by inducement, literally or under the doctrine of equivalents.

3. The '314 or '543 patents and each claim thereof is invalid and unenforceable for failure to comply with the requirements of the patent laws of the United States, Title 35 U.S.C., including without limitation, 35 U.S.C. §§ 101 *et seq*.

4. An award of costs and attorney's fees to Third Wave is barred by 35 U.S.C. § 288.

## REQUEST FOR RELIEF

Wherefore, Stratagene prays for judgment in its favor and against Third Wave as follows:

a. denying all the relief sought by Third Wave in its complaint;

b. dismissing with prejudice Third Wave's complaint and all claims asserted therein against Stratagene;

c. holding this case to be exceptional and awarding Stratagene its attorneys' fees under 35 U.S.C. § 285;

d. declaring that Stratagene has not infringed, and is not presently infringing, the '314 and '543 patents;

e. declaring that the claims of the '314 and '543 patents are invalid;

f. awarding Stratagene its costs pursuant to Rule 54(d), Fed. R. Civ. P.; and

g. granting any other relief the Court may deem appropriate under the circumstances.

Dated: October 20, 2004 Respectfully submitted,

_____
Brady C. Williamson
State Bar No. 01013896
Eugenia G. Carter
State Bar No. 01011447
LaFollette Godfrey & Kahn
One East Main Street
P.O. Box 2719
Madison, WI 53701-2719
Telephone: (608) 257-3911

*LaFollette Godfrey & Kahn is an office of Godfrey & Kahn, S.C.*

Marc R. Labgold, Ph.D.
Kevin M. Bell
Scott A.M. Chambers, Ph.D.
PATTON BOGGS LLP
8484 Westpark Drive
McLean, VA 22102
Telephone: (703) 744-8000

Richard J. Oparil
PATTON BOGGS LLP
2550 M Street NW
Washington, DC 20037
Telephone: (202) 457-6000

Attorneys for Defendant
Stratagene Corporation

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 20, 2004, she caused true and correct copies of the foregoing to be served upon the attorneys of record at the following addresses as indicated:

### VIA FACSIMILE AND U.S. MAIL

David A. Casimir, Esq.
MEDLEN & CARROLL, LLP
440 Science Drive, Suite 203
Madison, WI 53711
Fax: 608-218-6910

### VIA FACSIMILE AND U.S. MAIL

Mark A. Pals, Esq.
Thomas G. Pasternak, Esq.
Cindy S. Ahn, Esq.
KIRKLAND & ELLIS, LLP
200 East Randolph Drive
Chicago, Illinois 60601
Fax: 312-861-2200

_____
Eugenia G. Carter

MN220863_1

3811364v2